IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID JACKSON,**

        **Plaintiff,**

   v.                CASE NO.  06-3186-SAC

**ROGER GOSSARD,**

        **Defendant.**

### O R D E R

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Montgomery County Jail, Independence, Kansas.  The only defendant named is Judge Roger Gossard, District Court of Montgomery County, Kansas, who is presiding over state criminal charges against plaintiff.

As the basis for his complaint, Mr. Jackson alleges that Judge Gossard has thus far denied his motions to represent himself in his criminal proceedings, has appointed a public defender to represent him, and has denied his motions to terminate this counsel.  He asserts that his federal constitutional rights are being denied as a result.

Plaintiff seeks a temporary restraining order against defendant Judge Gossard requiring the judge to allow plaintiff to represent himself in his trial by jury scheduled for August 10, 2006.  Plaintiff also seeks money damages, that the judge be reprimanded, and a declaration that his rights are being violated.

The court construes this action as one for mandamus, and grants petitioner leave to proceed in forma pauperis.  The filing fee for

a civil rights complaint is $350[1], and plaintiff appears to have had a sufficient average balance in his inmate account to require that he submit a partial fee. The filing fee for a mandamus action is $5.00, and plaintiff's current balance of $9.95 would entitle him to proceed in forma pauperis in a mandamus action.

Whether this action is treated as a civil rights complaint or a mandamus, plaintiff is entitled to no relief at this point in federal court. This court has no authority to order Judge Gossard to rule that plaintiff be allowed to represent himself or cross-examine witnesses at his impending state criminal trial. This federal court has no supervisory or appellate authority over the state district courts. Plaintiff is strongly advised that he must raise all challenges to his state criminal proceedings in the trial court and on appeal in the courts of the state, before he may seek any relief in federal court.

**IT IS THEREFORE ORDERED** that this action is construed as a mandamus action, that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, that plaintiff's Motion for Temporary Restraining Order (Doc. 3) is denied, and that this action is dismissed and all relief denied.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2006, at Topeka, Kansas.

---

[1] Judges are absolutely immune from suits for money damages for actions taken within the scope of their authority. If this action is treated as a civil rights complaint, plaintiff will be obligated to pay the $350 filing fee in full, and even if he is granted leave to proceed in forma pauperis, he will have to pay the fee by making payments from his inmate account. He would be required to pay the fee even though a civil rights complaint against Judge Gossard would be dismissed for failure to state a claim because of the judge's absolute immunity and because plaintiff may not seek relief on actions taken in his state criminal proceedings in a civil rights complaint before he challenges those actions in his criminal proceedings and in the state courts.

                                          <u>s/Sam A. Crow</u>
                                          U. S. Senior District Judge